# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:21-cr-00197

ANDREW ALLEN ARNOLD

### MEMORANDUM OPINION AND ORDER

Pursuant to Standing Order entered October 31, 2023, the Court has instituted review of sentence in this matter upon its own motion.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date

of February 1, 2024, or later. By previous Order entered on November 27, 2023, this case was designated for Expedited consideration pursuant to this Court's standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSR from the Probation Office, and any materials submitted by the parties on the issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. By its written and filed response [ECF 66], the United States does not object to the reduction ordered herein.

On August 18, 2022, the Court convened for sentencing. Mr. Arnold received 6 criminal history points for his prior convictions, in addition to 2 status points inasmuch as he committed the offense while serving a criminal justice sentence. A total of 8 criminal history points placed Mr. Arnold in Criminal History Category IV. Based on a Total Offense Level of 19 and a Criminal History Category of IV, Mr. Arnold was subject to a guideline imprisonment rage of 46 to 57 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Arnold in the middle of his then applicable guideline range to 51 months imprisonment.

As to the nature and circumstances of the offense, Mr. Arnold was charged and pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) after law enforcement recovered a loaded firearm from Mr. Arnold's front pocket during a pat down search of his person following a domestic disturbance inside a gas station. Prior to this incident, Mr. Arnold had been convicted of felony eluding in Virginia and was prohibited from possessing firearms as a result.

Respecting Mr. Arnold's history and characteristics, he is thirty-six years old and has an extensive history of substance abuse beginning at age eighteen and continuing up to his incarceration for the current offense. Mr. Arnold likewise has a lengthy criminal history. Since being incarcerated with the Bureau of Prisons, Mr. Arnold has sustained only two disciplinary infractions for drug/alcohol use and fighting. He is currently participating in the residential drug treatment program. Based upon consideration of the applicable § 3553(a) factors and Mr. Arnold's rehabilitative record to date, the Court concludes he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Indeed, given the retroactive application of Amendment 821, if sentenced today, Mr. Arnold would receive a 2-point reduction in status points for a total of 6 criminal history points, placing him in a Criminal History Category of III. Based on a Total Offense Level of 19 and a Criminal History Category of III, Mr. Arnold's newly calculated guideline range is 37 to 46 months. A guideline range at the bottom of this newly calculated range is sufficient but not greater than necessary to meet the goals of sentencing and will afford Mr. Arnold the time necessary for rehabilitation and substance abuse treatment. The Court further concludes Mr. Arnold will potentially benefit from halfway house placement at the necessary time to ease his transition back into the community and thus imposes the following, additional special condition of supervised release:

> That, to the extent feasible, the defendant be placed at a halfway house by either the BOP or Probation for a period of up to six months to assist him in transitioning to the community.

Based on the foregoing considerations, the Court **ORDERS** Mr. Arnold's Criminal History Category be reduced from Category IV to Category III for a new advisory guideline range of 37 months to 46 months. It is further **ORDERED** that Mr. Arnold's previous sentence be

reduced to a period of 37 months, with credit for time served to date, effective February 5, 2024. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the Judgment entered August 18, 2022, shall remain in effect. In the event the parties desire to be heard on any matter set forth herein, they may so move on or before February 14, 2024.

      The Clerk is **DIRECTED** to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: February 5, 2024

EFFECTIVE: February 5, 2024

Frank W. Volk
United States District Judge

4